IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

JULONDA LECEDRIC CLAYTON, :
:
Plaintiff :
:
VS. :
:
Sheriff ASHLEY PAULK and Captain : NO. 7:07-CV-76 (HL)
DWIGHT PEETE, :
:
Defendants : **O R D E R**
:

Plaintiff **JULONDA LECEDRIC CLAYTON**, an inmate at Coastal State Prison in Garden City, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has paid the initial partial filing fee of $11.83 as previously ordered by this Court.

*I. STANDARD OF REVIEW*

*A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be

granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon v. King & Spalding***, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. BACKGROUND

Plaintiff alleges that on or about May 30, 2007, defendant Captain Dwight Peete, a "subordinate" of defendant Sheriff Ashley Paulk, refused to allow plaintiff's attorney to leave for plaintiff a Georgia criminal procedure book. Plaintiff characterizes said action as retaliation for plaintiff's murder conviction "due to [Peete's] personal social ties with the victim's family."

As relief, plaintiff seeks monetary damages totaling $500,000.00.

## III. DISCUSSION

The Fourteenth Amendment provides prisoners with a right of access to the courts. ***Bounds v. Smith***, 430 U.S. 817, 821 (1977). But in ***Lewis v. Casey***, 116 S. Ct. 2174 (1996), the Supreme Court greatly limited ***Bounds*** by making clear that although a prisoner has a right of access to courts, to state a valid claim he must allege an actual injury. ***Id.*** at 2177-79. The right of access to the courts protects only a prisoner's ability to pursue qualified legal actions. ***Hyland v. Parker***, 163

Fed. Appx. 793, 798 (11th Cir. 2006).

Presumably plaintiff claims that the criminal procedure book he was denied would be used by him in connection with the appeal of his conviction. Plaintiff's representation by counsel, however, satisfies plaintiff's right of access to the courts, notwithstanding that he was denied access to a legal book. *See e.g., Bounds*, 430 U.S. at 828 (inmates have a constitutional right to either access to law library **or** assistance of a lawyer). Moreover, plaintiff has not shown that he suffered any injury as a result of being denied access to the book in question.

Plaintiff's "retaliation" claim must likewise be dismissed. To state a valid claim of retaliation, plaintiff must allege a chronology of events that supports retaliation against plaintiff for exercising constitutionally protected rights. ***Benson v. Cady***, 761 F.2d 335, 342 (7th Cir. 1985). In the present case, plaintiff neither alleges that he exercised such rights nor sets forth any events that might be deemed to be retaliation.

Finally, Sheriff Ashley Paulk has obviously been included as a defendant solely because of his status as Sheriff. It is well settled that a supervisor, however, may not be held liable for the acts of his subordinates on the basis of *respondeat superior*. ***Monell v. Department of Social Services of New York***, 436 U.S. 658, 691 (1978).

## IV.  CONCLUSION

Based on the foregoing, the instant complaint is hereby **DISMISSED** as being frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 27th day of JULY, 2007.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr